JACOB S. NELKIN, complainant-respondent,

*v.*

PINKAS F. SILVERMAN and ETTA SILVERMAN, defendants-appellants.

[Decided October 20th. 1924.]

A mortgage given to secure the mortgagee against loss by reason of the making of a promissory note, which promissory note is transferred to a third person for value before maturity, may, upon the happening of the event for which such mortgage was given to indemnify, be legally assigned by the mortgagee to the holder of the note, who, thereupon, may foreclose the mortgage by suit in his own name.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes.

*Mr. Benjamin M. Weinberg,* for the appellants.

*Mr. Abraham Henig,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

In the year 1920 the Brown-Hunkele Corporation and Max Silverman entered into a joint enterprise for the purpose of dealing in machinery and appliances of the General Motors Corporation. On March 21st, 1922, much of this merchandise having been disposed of, it was found that the

Brown-Hunkele Corporation had to the credit of the enterprise the sum of $9,000. This sum was deemed by the parties to be a surplus which could be divided. This Silverman requested should be done. There was, however, hanging over at the time a threatened suit by the motors company against the Brown-Hunkele Corporation which might wipe out a portion or the whole of the surplus. At Silverman's urging the Brown-Hunkele Corporation turned over to him its note for $4,500 upon his agreement that he would secure the corporation from any and all liability by reason of the delivery of the said note. Thereupon the defendants in this action, Pinkus F. Silverman and Etta Silverman, who are the father and mother of Max Silverman, at the request of their son and in fullfillment of this agreement, executed and delivered to the Brown-Hunkele Corporation a mortgage in the sum of $4,500 containing the provision:

"That if the mortgagors shall pay to the mortgagee the sum of $4,500, represented by a promissory note of even date herewith, made by the party of the second part and given to Max Silverman, or any renewal or renewals of the same [this mortgage is given to secure the party of the second part from any and all liability by reason of the delivery of the party of the second part to Max Silverman, of a promissory note in which the sum of $4,500 is due in three months from the date hereof, or any renewal or renewals of said note, and in the event said note is paid when due, or paid at any renewal date, the within mortgage is to be immediately canceled, otherwise to remain in full force and effect.]

Upon receipt of the note for $4,500 Silverman sold it to Nelkin, the complainant in this action. At maturity the note was not paid and the threatened litigation of the General Motors Corporation eventuated in a recovery, wiping out the supposed surplus. Thereupon the Brown-Hunkele Corporation, to whom the mortgage was given, assigned the mortgage to Nelkin, who filed his bill in the court of chancery to foreclose the mortgage. A decree was entered in favor of the complainant, and from that decree this appeal is taken.

As stated by the appellant the whole question to be decided is whether the complainant is in a position to maintain his suit for the foreclosure of the mortgage given by the de-

fendants to secure payment of the note. Much is made in the brief of a contention that the right of subrogation does not pass to the holder of the note against the non-payment of which the maker was indemnified through the giving of the mortgage. It seems to us that the law of subrogation has no application to the facts of the case. The rights of the parties rest in contract. Nelkin, the purchaser of the note, became, by assignment, the holder of the mortgage given to indemnify the Brown-Hunkele Corporation against loss. It will be noted that the fundamental purpose of the giving of the mortgage was to secure the Brown-Hunkele Corporation from loss by reason of its having, in effect, paid to Silverman the one-half part of the ostensible surplus. Concretely, the condition of liability of the defendants in the mortgage proviso itself is that if the note be paid at maturity by the mortgagors then the mortgage was to be void. This proviso was further elucidated by the statement therein that the mortgage was given to secure Brown-Hunkele Corporation from any and all liability by reason of the delivery of the note. At the time the mortgage was assigned the note had fallen due, had been protested for non-payment and remained unpaid; the claim of the General Motors Company had been reduced to judgment in a sum in excess of the supposed surplus, and the liability of Brown-Hunkele Corporation on its note had become fixed, so that the obligation on the mortgage became absolute and determined. It was, therefore, the written obligation to the company upon which had become due the sum of $4,500 with interest and protest charges. Thus complete, it was assignable, and it was entirely within the power of Brown-Hunkele Corporation to transfer it to the plaintiff, who was then the holder of the note. In this situation it is unnecessary to consider the rights of the parties as they might have been under the law of subrogation if the plaintiff had held no better title to the mortgage. As the holder of the note by negotiation from Silverman, and of the mortgage by assignment from Brown-Hunkele Corporation (the contingency upon which the mortgage was given to protect against having occurred), Nelkin was entitled to

enforce payment by suit upon the note, or by foreclosure of the mortgage. He elected to proceed upon the mortgage, and the conclusions of the court below thereon were right.

The decree will be affirmed, with costs.

*For affirmance* — The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, Clark, McGlennon, Kays—14.

*For reversal*—None.